UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN B. SACHS, Ph.D. and<br>MARYSE SACHS<br><br>Plaintiffs<br><br>v.<br><br>DONALD EDMOND O'MALLEY, M.D.<br>and<br>CAPE COD SPORTS MEDICINE, INC.<br><br>Defendants | CIVIL ACTION NO.:10- |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Steven B. Sachs ("Dr. Sachs"), resides at 720 Hopmeadow Street, Simsbury, Connecticut.

2. The Plaintiff, Maryse Sachs, ("Mrs. Sachs") resides at 720 Hopmeadow Street, Simsbury, Connecticut. Mrs. Sachs is the wife of the plaintiff Steven Sachs.

3. Defendant Donald O'Malley, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts. At all times relevant hereto, said Defendant practiced Orthopedic Surgery with a place of business at Cape Cod Sports Medicine, 360 Gifford Street, Falmouth, Barnstable County, Massachusetts.

4. Defendant Cape Cod Sports Medicine is a medical corporation located at 360 Gifford Street, Falmouth, Barnstable County, Massachusetts. Donald O'Malley, M.D. was an employee, agent, or representative of Cape Cod Sports Medicine at

all times relevant to this complaint and Cape Cod Sports Medicine has vicarious liability for the care and treatment provided by Dr. O'Malley.

5. The United States District Court has jurisdiction in this matter because of diversity of parties (28 USC §1332).

6. The amount in controversy exceeds the amount necessary to satisfy the jurisdictional requirements of this Court.

## STATEMENT OF THE FACTS

7. Steven Sachs, Ph.D., 54 years old, fell on January 24, 2009 and sustained a subcapital fracture of the right hip. He was admitted to Falmouth Hospital where on the following day, Donald O'Malley, M.D. performed a closed reduction and percutaneous pinning of the hip. During the procedure, Dr. O'Malley used a screw that was too long. He states in the operative note: "A 40 mm partially threaded screw had to be used as we only had 105x20mm thread screw." A portable x-ray that day reported "suboptimal penetration limits the exam."

8. Dr. Sachs was admitted to the JML Care Center for rehabilitation. On January 29, 2009 he complained of right groin pain with movement.

9. On February 10, 1009 he complained to the VNA of pain the right anterior thigh, severity 6/10. He continued to complain of pain, severity 6/10 on February 17 and severity 3/10 on February 19.

10. Dr. Sachs began rehabilitation at Baystate Rehabilitation Care on July 15, 2009 with complaints of hip pain at rest with activities of daily living and restricted motion due to pain.

11. Following surgery, Dr. Sachs followed up with Dr. O'Malley. On April 17, 2009, Dr. O'Malley reports that "He (Dr. Sachs) is doing all his activities..." and that "the screws are somewhat migrated superiorly and posteriorly, but still in good position."

12. Dr. Sachs continued to complain of pain, requiring narcotics. He was evaluated on October 9, 2009 by Karen Trait, PA-C, who recommended a CT of the hip. The CT was performed November 6, which reported that "One of the metallic

pins may extend just beyond the cortex of the bone into the cartilage anteriorly." Dr. Sachs was referred to Paul Dimond, M.D. for a second opinion.

13. On December 23, 2009, Dr. Sachs was evaluated by Dr. Dimond. He state that "...he has pain not only from hardware that is worn away into his articular cartilage, but also, he has damage to the articular cartilage that appears to be permanent and he has a retroverted femoral head." He recommended total hip replacement.

## COUNT I
### NEGLIGENCE: Steven Sachs v. Donald O'Malley, M.D.

14. Paragraphs 1 through 13 are incorporated by reference as if set forth fully herein.

15. On or about January 25, 2009, and thereafter, the Defendant, Donald O'Malley, M.D., for valuable consideration, undertook to treat and care for Plaintiff Steven Sachs.

16. It then and there became the duty of Defendant, Donald O'Malley, M.D. to exercise that degree of care, diligence, and skill as is exercised by an average physician holding himself out in the field at the time in question.

17. Nevertheless, Defendant Donald O'Malley, M.D. breached his duty and failed to exercise said degree of care, diligence and skill by negligently performing surgery on his patient on January 25, 2009 and otherwise, recommending treatment for, supervising the care of, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff Steven Sachs.

18. As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff Steven Sachs suffered severe and permanent injuries, endured and will in the future endure, great pain and suffering and mental anguish, has incurred and will in the future incur medical and other extraordinary expenses for his care and treatment, has and will in the future suffer a loss of earnings and earning capacity, and said Plaintiff was and otherwise is greatly injured.

WHEREFORE, Plaintiff Steven Sachs, Individually, demands judgment against the Defendant Donald O'Malley, M.D. in such an amount as a jury may deem proper, plus interest and costs

### COUNT II
### VICARIOUS LIABILITY: Steven Sachs v. Cape Cod Sports Medicine, Inc.

19. Paragraphs 1 through 18 are incorporated by reference as if set forth fully herein.

20. This is an action by the Plaintiff, Steven Sachs, against the Defendant, Cape Cod Sports Medicine, Inc. for the negligence of its agents, servants, employees or persons for whose conduct it was responsible, for the damages suffered by Dr. Sachs, including pain and suffering and emotional distress, loss of earning capacity and lost wages, past and future sustained by the Plaintiff as a result of the injuries caused by the negligence of the defendants.

WHEREFORE, Plaintiff Steven Sachs, Individually, demands judgment against the Defendant Cape Cod Sports Medicine. in such an amount as a jury may deem proper, plus interest and cost

## COUNT III
### LOSS OF CONSORTIUM:  Maryse Sachs v. Donald O'Malley, M.D.

21. Paragraphs 1 through 20 are incorporated by reference as if set forth fully herein.

22. This is an action by the Plaintiff Maryse Sachs, against the Defendant, Donald O'Malley, M.D. for negligence, for the emotional distress and loss of consortium she sustained and will continue to sustain as a result of Dr. O'Malley's negligent treatment of her husband, Steven Sachs, and any physical harm caused by that emotional distress as a result of Dr. O'Malley's negligence in the treatment of her husband.

WHEREFORE, Plaintiff Maryse Sachs, Individually, demands judgment against the Defendant Donald O'Malley, M.D. in such an amount as a jury may deem proper, plus interest and cost.

## COUNT IV
### LOSS OF CONSORTIUM:  Maryse Sachs v. Cape Cod Sports Medicine, Inc.

23. Paragraphs 1 through 22 are incorporated by reference as if set forth fully herein.

24. This is an action by the Plaintiff Maryse Sachs, against the Defendant, Cape Cod Sports Medicine, Inc. for the negligence of its agents, servants, employees or persons for whose conduct it was responsible, for the emotional distress and loss of consortium she sustained and will continue to sustain as a result of the negligent treatment of her husband, Steven Sachs, and any physical harm caused by that emotional distress as a result of the negligence in the treatment of her husband.

WHEREFORE, Plaintiff Maryse Sachs, Individually, demands judgment against the Defendant, Cape Cod Sports Medicine, Inc., in such an amount as a jury may deem proper, plus interest and cost.

## JURY DEMAND

The plaintiffs demand a trial by jury.

The Plaintiffs,

By their Attorneys,

_____

Max Borten, M.D., J.D. BBO # 550115
Sidney Gorovitz, Esq. BBO # 204300
Barry Lang, M.D., J.D. BBO # 565438
Zachary B. Lang, J.D. BBO # 652055
Jessica L. Sharp, Esq. BBO # 672873
Gorovitz & Borten, P.C.
400-1 Totten Pond Road
Waltham, MA 02451-2051
(781) 890-9095
barry.lang@lawdoctors.com.com

Dated: September 20, 2010